**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARTEZ MOODY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | ) | No. 4:26-CV-01285 RHH |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Martez Moody brings this civil action against the Federal Bureau of Investigation alleging violations of his rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. § 1915. Based on this review, the Court will dismiss the Complaint as frivolous, and Plaintiff's pending motion for appointment of counsel, *see* ECF No. 3, will be denied as moot. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325,

327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**Background**

This is the sixth case that Plaintiff has filed against the Federal Bureau of Investigation (FBI), or a division of the FBI, in this Court. *See Moody v. Federal Bureau of Investigation St. Louis Office*, No. 4:16-cv-325-RLW (E.D. Mo. filed Mar. 10, 2016) (dismissed Mar. 15, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim); *Moody v. Federal Bureau of Investigation*, No. 4:16-cv-427-CDP (E.D. Mo. filed Mar. 24, 2016) (dismissed Apr. 4, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B) as duplicative of prior case and as legally frivolous); *Moody v. St. Louis Division of the Federal Bureau of Investigation*, No. 4:17-cv-2528-JMB (E.D. Mo. filed Oct. 4, 2017) (dismissed Nov. 20, 2017, pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Moody v. Federal Bureau of Investigation - St. Louis Field Office*, No. 4:22-cv-554-SEP (E.D. Mo. filed May 20, 2022) (dismissed May 26, 2022, pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous); and *Moody v. Federal Bureau of Investigation, et al.,* No. 4:25-cv-801-ACL (E.D.Mo. filed May 28, 2025) (dismissed September 11, 2025 pursuant to 28 U.S.C. § 1915(e)(2)(B)). All of Plaintiff's cases against the FBI were dismissed before service of process. *Id.* Plaintiff did not appeal any of the dismissals.

**The Complaint**

Plaintiff filed this civil action against the FBI. [ECF No. 1 at 1 and 2]. Plaintiff asserts federal court jurisdiction based on diversity of citizenship and he alleges legal claims based on conspiracy, negligence, and malicious intent. *Id.* at 8 and 9.

Just as Plaintiff asserted in his past five cases filed in this Court against the FBI, Plaintiff claims that the FBI started surveilling him[1] and obtained video evidence of him engaging in a homosexual sexual encounter with a male FBI agent. According to Plaintiff, "[i]n 2025, the Plaintiff was exposed as a whistle-blower by current director of the FBI, Mr. Kash Patel and former Deputy Director Dan Bongino. The two distributed a pornographic video of the Plaintiff engaged in same sex intercourse with a former FBI agent, to both FBI employees as well as the Plaintiff's family, as an act of retaliation." [ECF No. 1 at 5].

Plaintiff claims that the images were taken after, in "2019, the Plaintiff sente a certified letter to the former Director of the FBI, Mr. Christopher Wray blowing the whistle on current FBI behavior in St. Louis; behavior involving the use of non-union volunteers for unionized tasks and positions." [ECF No. 1 at 7]. Plaintiff states that between 2023-2025, he "reached out to" CIA Director Bill Burns, but he failed to receive a response. *Id.* In August of 2025, he sent a letter to CIA Director John Ratcliffe "regarding the use of top-secret equipment by unauthorized civilians as well as the retaliatory actions on behalf of current direct of the FBI. . .," but he did not receive a response. Thus, in May of 2026, Plaintiff sent a cease and desist letter to Attorney General Todd Blanche asking him to have Kash Patel "retrieve and remove all pornographic footage of [him] engaging in same sex intercourse with a former FBI agent" removed [from the internet]. [ECF No. 1 at 7-8.].

In terms of relief, Plaintiff seeks monetary damages in this matter.

---

[1]In some of Plaintiff's cases, he claims that the FBI surveillance began as early as 2004 and involved providing his family members with top-secret surveillance equipment for use to assist them in the surveillance.

**Discussion**

Having carefully reviewed and liberally construed the Complaint, as well as Plaintiff's prior cases before the Court, the Court can discern no plausible claim for relief. Plaintiff's factual allegations are conclusory, fanciful, delusional, and "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 32-33. The Court therefore finds that Plaintiff's allegations are clearly baseless, as defined in *Denton*, and will dismiss this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See also Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (affirming dismissal of claims based on "flimsier than doubtful or questionable ... essentially fictitious" allegations of government surveillance); *Strong v. U.S.*, 2012 WL 202780, at *2-3 (S.D. Cal. Jan. 23, 2012) (dismissing as frivolous Plaintiff's claim that, *inter alia*, he was being surveilled by the government using unmanned drones); *Raiford v. FBI*, 2010 WL 6737887, at *3 (D. S.C. Nov. 17, 2010) (dismissing claims of stalking by government aircraft as frivolous under *Denton*); *Marshall v. Green*, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (dismissing conspiracy claims of stalking by government officials, mind control, and electromagnetic assault as frivolous).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue because the Complaint is frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE